IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE | Chapter 11 |
| ACCREDITED HOME LENDERS HOLDING CO., et al., | Bankr. No. 09-11516(MFW) |
| | Jointly Administered |
| Debtors. | |
| LARRY B. MOORE, | |
| Appellant, | |
| v. | C.A. No. 10-1075-GMS |
| ACCREDITED HOME LENDERS HOLDING CO., et al., | |
| Appellees. | |

**MEMORANDUM**

### I. INTRODUCTION

Presently before the court is the appellants Accredited Home Lenders Holding Co., et al.'s[1] (collectively, "the debtors") motion to dismiss the above-captioned appeal filed by the appellant Larry B. Moore ("Moore") pursuant to Fed. R. Bankr. P. 8011 and Moore's motion to compel discovery on appeal. (D.I. 4, 11.) Moore, who proceeds *pro se*, is an inmate at the Pleasant Valley State Prison in Coalinga, California. For the reasons that follow, the court will grant the motion to dismiss and will deny as moot the motion to compel discovery on appeal.

---

[1]The appellees to this appeal are Accredited Home Lenders Holding., Vendor Management Services, LLC d/b/a Inzura Settlement Services, Inzura Insurance Services, Inc., and Windsor Management Co., d/b/a AHL Foreclosure Services Co.

## II. BACKGROUND

The debtors filed their bankruptcy cases in the United States Bankruptcy Court for the District of Delaware. *In re Accredited Home Lenders Holding Co.*, Bankr. Case No. 09-11516-MFW (Bankr. D. Del.) ("Bankr. Case No. 09-11516-MSW"). Moore filed four claims in the bankruptcy cases asserting secured claims against the debtors. The debtors objected to the claims and argued that certain claims were duplicative, that Moore had no standing to assert the claims, that the debtors had no liability because there was no evidence in support of the claims, and that Moore could not articulate the basis for his allegations that the debtors were part of an alleged conspiracy. (*Id.* at D.I. 1731; D.I. 4.)

An evidentiary hearing was held on the claims and their objections on September 21, 2010. (D.I. 5.) At the close of the hearing the bankruptcy judge stated,

> I'm just going to disallow your claim. . . . there is no evidence that there is any harm that you suffered . . . or even that the estate of your deceased suffered. . . . You may have a claim against somebody, but you do not have a claim against Accredited. There is absolutely no evidence that Accredited took any steps that harmed you. If, in fact, Ms. Jackson did not own the property she could not have granted a mortgage in the property, but that has nothing to do with Accredited. Accredited did not take any money from you. Accredited took no property from you. So, Accredited in no way harmed you based on the evidence before me. Do you understand? . . . I will enter an order disallowing your claim, and you may take whatever steps you want. . . .
>
> You have simply stated speculation that Accredited was somehow involved in this. There is no evidence that you have presented that they're involved in it. And contrary to that Mr. Weiss testified they had no knowledge of who the seller was, and they had no investigation done of who the seller was. They relied on the title company to do that. You may have claims against others, but I find that you have no claim against Accredited. All right? I will enter an order to that effect.

(D.I. 5 at 40-43.)

On September 27, 2010, Moore, who had been housed at the Northern State Prison in Delano, California, advised the court of a change of address due to his transfer to Pleasant Valley State Prison in Coalinga, California. (Bankr. Case No. 09-11516-MSW at D.I. 2008.) The notice was not docketed by the Bankruptcy Court until October 4, 2010. In the meantime, on September 29, 2010, the Bankruptcy Court issued an order sustaining the debtors' objections to Moore's claims, disallowing Moore's claims in their entirety, and denying Moore's motion for monthly out-of-pocket expenses. (*Id.* at D.I. 1984.)

On October 8, 2010, Moore was called to retrieve his legal mail, and he received from the debtors' attorneys a copy of the September 29, 2010 bankruptcy order. (D.I. 1.) Moore filed a notice of appeal with an attached proof of service by mail dated October 11, 2010. (*Id.*) The notice of appeal was filed by the Bankruptcy Court on October 18, 2010. (Bankr. Case No. 09-11516-MSW at D.I. 2033.)

At the time he filed the notice of appeal, Moore remitted only five dollars of the required $255.00 filing fee. On October 19, 2010, he was notified that the balance "is now due." (*Id.* at D.I. 2035.) On November 2, 2010, Moore moved for waiver of the filing fee and leave for enlargement of time up to and including January 4, 2011. (*Id.* at D.I. 2166.) Moore's motion for enlargement of time does not specify why the additional time was necessary but presumably it refers to the filing fee issue.

The appeal was transmitted to this court on December 9, 2010, and the debtors filed their motion to dismiss on December 10, 2010. (D.I. 4.) The filing fee remained at issue and, on December 30, 2010, Moore was ordered to either pay the filing fee due or to submit a complete application to proceed without prepayment of fees. (D.I. 8.) Moore paid the bankruptcy filing

3

fee on January 25, 2011, after requesting that his aunt procure the funds. (Bankr. Case No. 09-11516-MSW at D.I. 2348.)

On February 7, 2011, Moore filed a motion to compel discovery on appeal, pursuant to Fed. R. App. P. 10 and 11. (D.I. 11.) Later, on May 13, 2011, Moore filed applications for leave to file a designation of items on appeal and to file the statement of issues to be presented on appeal. (D.I. 18, 19.)

## III. THE PARTIES' CONTENTIONS

The debtors contend that the appeal should be dismissed pursuant to Fed. R. Bankr. P. 8011 on the grounds that: (1) the appeal was filed after the fourteen day time-period mandated by Fed. R. Bankr. P. 8002(a); (2) Moore failed to pay the required notice of appeal filing fee pursuant to Fed. R. Bankr. P. 8001(a)(3); and (3) Moore failed to file a designation of record and statement of issues to be presented as required by Fed. R. Bankr. P. 8006.

Moore opposes the motion and asks the court to strike the motion to dismiss because it was not served with Exhibit A (i.e., transcript of September 21, 2010 Bankruptcy Court proceedings) found at Docket Item 5. (D.I. 7.) The debtors acknowledge that Exhibit A was inadvertently omitted when it served Moore with the motion to dismiss, and served it upon Moore on December 27, 2010. (D.I. 9.) Moore states that the Bankruptcy Clerk of Court failed to mail to him the September 29, 2010 order and this omission tolls the time for filing the notice of appeal. In addition, he argues that the notice of appeal is deemed filed as of the date he deposited it in the prison's outgoing mail. Moore's response does not address the issues of the filing fee issue or the designation of record and statement of issues to be presented. (D.I. 7.)

## IV. LEGAL STANDARD

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 158(a)(1). Pursuant to Fed. R. Bankr. P. 8011, "[a] request for an order or other relief shall be made by filing with the clerk of the district court or the clerk of the bankruptcy appellate panel a motion for such order or relief with proof of service on all other parties to the appeal. The motion shall contain or be accompanied by any matter required by a specific provision of these rules governing such a motion, shall state with particularity the grounds on which it is based, and shall set forth the order or relief sought."

## V. DISCUSSION

### A. Bankruptcy Rule 8001

Federal Rule of Bankruptcy Procedure 8001(a) provides that a notice of appeal shall be accompanied by the prescribed fee. The debtors move for dismissal on the grounds that the filing fee has not been paid.

At the time Moore filed his notice of appeal he sought waiver of the filing fee. Upon transfer to this court, Moore was ordered to either submit an application to proceed without prepayment of fees or to pay the filing fee. Moore opted to pay the filing fee. Accordingly, dismissal is inappropriate for failure to pay the filing fee.

### B. Bankruptcy Rule 8002

Federal Rule of Bankruptcy Procedure 8002 provides that the notice of appeal shall be filed with the clerk within fourteen days of the date of the entry of the judgment, order, or decree appealed from. The debtors argue that the appeal must be dismissed because it was not filed with the Bankruptcy Court until nineteen days after entry of the order from which it was appealed.

5

The order at issue was entered on September 29, 2010. Hence, pursuant to Rule 8002 Moore was required to file his notice of appeal on or before October 13, 2010. The court must take into consideration Moore's status as an inmate and the "mailbox rule" as it applies to filings by inmates. In *Houston v. Lack*, 487 U.S. 266 (1988), the United States Supreme Court held that a prisoner's notice of appeal of a habeas corpus petition was deemed filed as of the date it was delivered to prison officials for mailing to the court. While *Houston* dealt specifically with the filing of a habeas appeal, the decision has been extended by the Court of Appeals for the Third Circuit to other prisoner filings including bankruptcy appeals. *See In re Flanagan*, 999 F.2d 753, 758 (3d Cir. 1993) (extending *Houston* to bankruptcy appeals filed by prisoners.).

Here, Moore's notice of appeal is dated October 11, 2010, and the proof of service by mail, signed under penalty of perjury, states that the notice of appeal was mailed on October 11, 2010. Therefore, Moore's notice of appeal was delivered to prison authorities for mailing by at least October 11, 2010. Accordingly, the court finds that the notice of appeal was filed on October 11, 2010, the date both it, and the proof of service by mail, were signed, and the earliest date possible that the notice of appeal could have been delivered to prison officials in California for mailing. Pursuant to the mailbox rule, the notice of appeal was filed on October 11, 2010, two days prior to the October 13, 2010 deadline.

The notice of appeal was timely filed. Therefore, the court will deny the motion to dismiss as the notice of appeal was timely filed.[2]

---

[2] Inasmuch as Moore is aware of the September 29, 2010 order, received a copy of the order as is evidence by the notice of appeal, and timely filed the notice of appeal, the court sees no need to discuss the issue of whether the Bankruptcy Court served Moore with a copy of the order from which he appeals.

## C. Bankruptcy Rule 8006

Federal Rule of Bankruptcy Procedure 8006 provides that within fourteen days after filing the notice of appeal, entry of an order granting leave to appeal, or entry of an order disposing of the last timely motion outstanding of a type specified in Rule 8002(b), whichever is later, the appellant shall file with the clerk and serve on the appellee a designation of the items to be included on the record on appeal and a statement of the issues to be presented. The debtors argue that, because Moore has failed to comply with Rule 8006, the appeal must be dismissed. Moore did not address the issue in his opposition to the debtor's motion to dismiss. Instead, five months after the filing of the motion to dismiss, Moore filed applications for permission to file a designation of the items to be included on the record on appeal and a statement of the issues to be presented. (*See* D.I. 18, 19.)

To date, Moore has not complied with Rule 8006. The notice of appeal was filed on October 11, 2010. Therefore, Moore should have complied with Rule 8006 in October 2010; the relevant deadline being no later than fourteen days following October 11, 2010. As previously discussed, on November 2, 2010, Moore filed a motion in the Bankruptcy Court for an enlargement of time up to and including January 4, 2011. This motion was filed after the fourteen day deadline, and notably, it does not specify why the additional time was necessary. It seems the motion refers to the filing fee issue as the request is within the same document that sought waiver of the filing fee.

Moore made no mention of the Rule 8006 issue in his opposition to the debtor's motion to dismiss. It is not until his May 1st and 6th, 2011 filings that Moore discusses Rule 8006 in his applications for permission to file designation of items on appeal and a statement of issues to be

7

presented. (*See* D.I. 18, 29, docketed May 13, 2011.) He explains that he is currently housed in administrative segregation and has been housed in his cell twenty-four hours per day since the end of March 2011. On April 21, 2011, due to prison regulations, three large boxes of legal materials were transferred to storage some of which relate to the instant appeal. Moore requests leave of court "not to waive the designation of record for appeal due to these extraordinary circumstances that are beyond his control." (D.I. 18 at 2.)

No explanation is provided for the belated request to file the statement of issues to be presented on appeal. (*See* D.I. 19.) Instead, Moore discusses the issue of the filing of the notice of appeal wherein he posits that time for filing the notice of appeal is tolled until the Bankruptcy Court mails him a copy of the September 29, 2010 order and correctly contends that his notice of appeal was timely filed pursuant to the "mailbox rule." Moore also raises two issues that are relevant to the merits of his bankruptcy appeal: that as his mother's heir he was injured by the debtors; and he has standing to contest and be compensated for his claims. (*Id.*)

### 1. The *Pioneer* Factors

Federal Rule of Bankruptcy Procedure Bankruptcy Rule 8001(a), provides that the failure of an appellant "to take any step other than timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal." Federal Rule of Bankruptcy Procedure 9006(b)(1) provides that "when an act is required or allowed to be done at or within a specified period by these rules . . . the court for cause shown may . . . on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."

The following four non-exclusive factors are relevant in determining whether a party's neglect is excusable: (1) the danger of prejudice; (2) the length and effect of the delay; (3) the reason for the delay; and (4) whether the movant acted in good faith. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (analyzing "excusable neglect" pursuant to Rule 9006(b)(1)).

Prejudice should be a conclusion based on the facts in evidence. *In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 127 (3d Cir. 1999). Here, the debtors indicate they are prejudiced by the delay as the passing of time diminishes witnesses and the debtors' familiarity with the case that, in turn, impairs their ability to defend their interests. Moore did not address the issue.

The court also considers the length of delay and its potential impact on judicial proceedings. The Bankruptcy Court confirmed the debtors' fifth amended joint plan of liquidation, effective June 13, 2011, and a reserve was established for the payment of claims. (*See* D.I. 21.) The record indicates that the bankruptcy Trustee would like to proceed with finalizing the remaining distributions in the case. *See e.g., O'Brien Envtl.*, 188 F.3d at 130 (A delay of two months may be significant if the debtor proceeds expeditiously to resolve outstanding claims, while a much longer delay may seem less important when the debtor allows itself more time between confirmation and closing under the plan.) Moore's delay has an impact on the ability to finalize the remaining distributions in the bankruptcy case.

Last, the court looks to the reason for delay, including whether it was within the reasonable control of Moore and the good faith of Moore. Some five months after filing the notice of appeal, Moore now states that he failed to timely submit the designation of record because beginning by the end of March 2011 he was confined to his cell twenty-four hours per

9

day, and on April 21, 2011, his legal materials were removed from his cell due to prison regulations, all of which were beyond his control. Moore is silent, however, on his failure to comply with Rule 8006 from the end of October 2010 through April 2011. In reviewing the court docket, it is evident that Moore had the ability to file documents during this time. Indeed, he filed documents on December 29, 2010, February 7, 2011, March 3, 2011, March 9, 2011, March 28, 2011, and April 4, 2011. (*See* D.I. 7, 11, 14, 15, 16, 17.)

The delay in failing to file a designation of the items to be included on the record on appeal and a statement of the issues to be presented has caused and will cause prejudice to the debtors. Even, without deciding the good faith of Moore, his neglect in failing to comply with Rule 8006 is not excusable.

Having considered all the *Pioneer* factors, the court finds they do not weigh in favor of granting Moore relief from the Rule 8006 fourteen day time-period to file a designation of the items to be included on the record on appeal and a statement of the issues to be presented.

### 2. The *Poulis* Factors

A district court may dismiss a bankruptcy appeal for failure to meet nonjurisdictional deadlines, such as the fourteen day time-period found in Rule 8006, only after balancing a number of equitable factors set forth in *Poulis v. State Farm Fire & Casualty Company*, 747 F.2d 863 (3d cir. 1984); *See In re Richardson Indus. Contractors, Inc.*, 189 F. App'x 93, 96 (3d Cir. 2006) (not published) (vacating district court's dismissal of bankruptcy appeal for failure to submit Rule 8006 documents or to obey briefing deadlines).

The six factors are considered are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to

10

discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868. The court must balance the factors and need not find that all of them weigh against Moore to dismiss the action. *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

First, as a *pro se* litigant, Moore is solely responsible for his filing delay. *Id.* Second, as discussed above, the debtors are prejudiced by Moore's delay in filing a designation of the items to be included on the record on appeal and a statement of the issues to be presented. As to the third factor, the debtors provided the court with a history of Moore's dilatoriness in the Bankruptcy Court, and Moore does not dispute this fact.

As to the fourth factor, the court cannot conclude that Moore's failure to timely file was willful or in bad faith but notes that he failed to provide the court with any reasons for the failure, from the end of October 2010 through April 2011, to timely file a designation of the items to be included on the record on appeal and a statement of the issues to be presented. It was not until May 2011 that Moore provided a reason for the delay but, even then, he omitted discussion on the end of October 2010 through April 2011 time-frame.

As to the fifth factor, there are no alternative sanctions the court could effectively impose. Because Moore proceeds *pro se* and the filing fee was not paid by him, but his aunt, it is doubtful that monetary sanctions would be effective. As to the sixth factor, the merits of the claim, the Bankruptcy Court dismissed Moore's claim after he failed to produce any evidence to support his claims. The Bankruptcy Court's ruling weighs in favor of dismissal.

11

On balance, the *Poulis* factors weigh in favor of dismissal of Moore's bankruptcy appeal. Therefore, the court will grant the debtors' motion to dismiss based upon Moore's failure to comply with Rule 8006.

## VI.  CONCLUSION

For the above reasons, the court will grant the debtors' motion to dismiss the bankruptcy appeal and will deny as moot Moore's motion to compel discovery on appeal. (D.I. 4, 11.)

An appropriate order will be issued.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

March 14, 2012
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE | : | Chapter 11 |
| | : | |
| ACCREDITED HOME LENDERS HOLDING CO., et al., | : | Bankr. No. 09-11516(MFW) |
| | : | Jointly Administered |
| Debtors. | : | |
| ------------------------------------------------ | : | |
| | : | |
| LARRY B. MOORE, | : | |
| | : | |
| Appellant, | : | |
| v. | : | C.A. No. 10-1075-GMS |
| | : | |
| ACCREDITED HOME LENDERS HOLDING CO., et al., | : | |
| | : | |
| Appellees. | : | |

**ORDER**

At Wilmington this 14th day of March, 2012, for the reasons set forth in the Memorandum issued this date, IT IS HEREBY ORDERED that:

1. The debtor's motion to dismiss the appeal is **granted**. (D.I. 4.)

2. Appellant's motion to compel discovery on appeal is **denied** as moot.) (D.I. 11.)

3. The clerk of court is directed to **close** the case.

CHIEF, UNITED STATES DISTRICT JUDGE